**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| John J. Moore, Jr., | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 5:16-cv-4012-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Bush, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner's objections to United States Magistrate Judge Kaymani D. West's report and recommendation ("R & R") (ECF Nos. 22 & 17). The Magistrate Judge recommends granting Respondent's summary judgment motion (ECF No. 10) and denying Petitioner's petition for relief under 28 U.S.C. § 2254. Petitioner has filed a number of other non-meritorious motions that are disposed of in footnote two.

Magistrate Judge West issued her R & R on May 4. Petitioner filed his objections to the R & R on May 24, and Respondent filed a reply on June 7. Accordingly, this matter is now ripe for review.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter

to the Magistrate Judge with instructions. *Id*. A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting summary judgment on all of Petitioner's grounds for relief. Petitioner's objections relate only to his first four grounds, so the Court addresses the unobjected to grounds first.

### I. Grounds 5–11

In grounds five through eleven of his habeas petition, Petitioner alleges various claims of ineffective assistance of counsel against his PCR counsel. Petitioner has not objected to Magistrate Judge West's analysis of grounds five through eleven of his petition. The Court has reviewed that portion of the R & R for clear error and, finding none, adopts it as its opinion. *See Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Having so concluded, the Court turns to Petitioner's objections to Magistrate Judge West's analysis of his other claims.

### II. Grounds 1–4

#### a. Ground One

In his first ground, Petitioner argues that the PCR court erred in denying his claim of ineffective assistance of counsel based on trial counsel's failure to request a tailored jury instruction that a vehicle could be considered a deadly weapon when the jury evaluated Petitioner's self-defense claim. In her R & R, the Magistrate Judge found that the PCR's court application of

*Strickland v. Washington*, 466 U.S. 668 (1984), to this ground was not unreasonable. Specifically, the Magistrate Judge found that trial counsel was not deficient for failing to request Petitioner's proposed charge because Petitioner was not entitled to such a charge. Additionally, the Magistrate Judge found that Petitioner was not prejudiced because the trial judge adequately instructed the jury on self-defense, because trial counsel was able to address the danger posed by the victim's swerving vehicle in his closing argument, and because trial counsel's main defense theory was not self-defense, but rather that Petitioner's passenger was the shooter.

When addressing the deficiency prong of *Strickland*, the PCR court found that Petitioner "failed to establish that any sanctioned jury charge exists for counsel to have requested," and that Petitioner has failed to establish the relevant case law upon which such a jury charge could be founded, or to support the legality of such a charge." (App., Order Dismissal, ECF No. 9-4, at 50.) Additionally, the PCR court found that the given charge was "a correct statement on the law of self-defense as it stood at the time of [Petitioner's] trial." (*Id.*) "[Q]uestions of jury instructions are matters of state law, not cognizable on federal review, unless a specific constitutional issue is implicated that calls into question the Due Process Clause." *Alexander v. Cartledge*, No. 6:16-cv-0600-HMH-KFM, 2017 WL 770570, at *5 (D.S.C. Feb. 28, 2017) (citing *Grandison v. Corcoran*, 78 F. Supp. 2d 499, 507 (D. Md. 2000)). Here, the PCR court determined that there was no sanctioned South Carolina jury charge regarding use of a vehicle as a deadly weapon, and that court also determine that the jury charge on self-defense was a correct statement of South Carolina law. Petitioner has not presented any evidence to this Court that his requested charge exists, nor has he presented a Due Process Clause challenge to the given charge. Accordingly, the Court will not interfere with the PCR court's determination of state law.

### b. Ground Two

In Ground Two, Petitioner argues that the PCR court erred in denying his claim of ineffective assistance of counsel for trial counsel's failure to request a *Hurd* hearing[1] or move for a mistrial regarding the competency of purportedly sleeping jurors. The Magistrate Judge found that the PCR court's application of *Strickland* to this ground was not unreasonable. Petitioner objects to this finding, arguing that the Magistrate Judge did not give proper weight to trial counsel's PCR testimony regarding the sleeping jurors.[2] Also, Petitioner objects to the Magistrate Judge's finding of no prejudice. He argues that there was prejudice because two jurors slept during the State's closing argument and while the judge issued jury instructions. Specifically, he argues that failing to object when the jurors were sleeping during the State's closing argument was prejudicial because the jurors missed the "prosecution's burden to disprove each component of various self-defense defenses . . . ." (Objs. R & R, ECF No. 22, at 4.)

During Petitioner's trial, there were two instances where jurors purportedly fell asleep. In the first instance, the trial court informed the attorneys: "I had one juror over there who kept shutting her eyes and I kept watching her rather intently because I had to stop if she was going asleep. She never did. She eventually opened her eyes up completely . . . ." (App., Trial Tr., ECF No. 9-1, at 329.) Later, during the State's closing argument, the trial court warned the jurors that they needed to keep their eyes open and noted that one juror was fighting sleep, but had not fallen

---

1. *State v. Hurd*, 480 S.E.2d 94, 97 (S.C. Ct. App. 1996) (holding that the trial judge should have "either determined whether the juror was in fact asleep, recharged the entire jury, or replaced the juror" when a juror allegedly fell asleep during jury instructions).

2. Additionally, Petitioner requests supplemental evidence to evaluate this claim and his other claims, and he generally argues that the Magistrate Judge did not properly analyze whether his trial counsel was ineffective for failing to move for a mistrial. (*See* ECF Nos. 20, 21, & 28.) The Court denies Petitioner's requests as federal court "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Petitioner's motion to strike (ECF No. 27) is denied because Respondent's brief was timely filed.

asleep yet. Accordingly, the trial court excused the jury and gave them a break. Later, the trial court received a note from a juror, informing the court that his face was swollen due to a sinus infection, which made his eyes appear closed at times. However, the juror assured the trial court that he was qualified to serve. During the PCR hearing, trial counsel was asked whether there were "jurors who were sleeping or drowsy or otherwise inattentive during the course of the case?" (App., PCR Hr'g. Tr., ECF No. 9-3, at 357.) In response, trial counsel testified: "Yeah, there was one juror in particular that said he had a cold and was kind of in and out of it throughout and actually completely fell asleep during the Solicitor's closing argument." (*Id.*) Trial counsel explained that he did not conduct a voir dire or examine the juror "because he was awake when we were going forward and was dozing during the prosecution." (*Id.* at 358.) Additionally, trial counsel testified that the trial judge addressed the issue and asked the juror if he needed any caffeine.

First, the Court will address Petitioner's claim that the Magistrate Judge did not give proper weight to trial counsel's PCR testimony. Upon review of the trial and PCR transcripts, the Court finds this objection to be without merit. Under 28 U.S.C. § 2254(e)(1), factual determinations made by the state "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Magistrate Judge found that the PCR court did not make an unreasonable determination of the facts. Here, Petitioner essentially claims that that the PCR court's factual determination that no juror fell asleep during the course of the trial was unreasonable. Specifically, Petitioner argues that trial counsel's PCR testimony proves that a juror fell asleep during the State's closing and that "this juror was in and out of sleep throughout the trial." (Objs. R & R, ECF No. 22, at 3.) However, Petitioner mischaracterizes trial counsel's PCR testimony. Trial counsel testified that the juror

5

was sleeping during the State's closing argument and was "in and out of it throughout." (App., PCR Hr'g Tr., ECF No. 9-3 at 357.) When read in context, it seems that trial counsel testified that the juror was drowsy or tired throughout the trial, but only fell asleep during the State's closing argument. The Court tends to agree with the Magistrate Judge, but it need not rely on that portion of the R & R to dispose of this ground.

Even assuming that a juror fell asleep during the State's closing argument, Petitioner has failed to show that there was any prejudice because according to Petitioner's trial counsel the juror purportedly fell asleep solely during the State's closing. Petitioner argues that missing portions of the State's closing was prejudicial to him because the jurors missed the State's argument concerning his self-defense claim. The Court does not find that argument to be persuasive. Petitioner has failed to prove that the PCR court's finding that there was no prejudice arising from a juror falling asleep during the State's closing was unreasonable. The PCR court determined that "[t]he juror's alleged 'absence' from that portion of the trial would have been beneficial, not damaging, to [Petitioner's] case." (App., Order Dismissal, ECF No. 9-4, at 930.) The Court agrees with the PCR court's assessment that a juror sleeping through the State's closing was likely to benefit, rather than prejudice, Petitioner. Additionally, Petitioner's trial counsel testified that he did not move for a mistrial or request voir dire "because [the juror] was awake when we were going forward and was dozing during the prosecution." (App., PCR Hr'g Tr., ECF No. 9-3, at 358.) Based on that testimony, it appears that Petitioner's trial counsel did not object because he believed that if the juror was asleep during the State's closing it would benefit Petitioner. Thus, the Court concludes that Petitioner's trial counsel has articulated a valid reason for failing to object at trial. *See Lovitt v. True*, 403 F.3d 171, 181 (4th Cir. 2005) (where the Fourth Circuit Court of Appeals refused to misuse the "power of hindsight" to second guess trial counsel's "plausible

strategic judgments."); *Fitzgerald v. Thompson*, 943 F.2d 463, 469 (4th Cir. 1991) ("[T]rial counsel made reasonable tactical decisions that should not now be second-guessed on collateral review."). Accordingly, the Court cannot find the PCR court's application of *Strickland* to this ground was unreasonable.

### c. Ground Three

In Ground Three, Petitioner argues that the PCR court erred in denying Petitioner's claim of ineffective assistance of counsel for trial counsel's failure to investigate and call witnesses that would have testified about Gene Derrick's[3] drug use and his state of mind. The Magistrate Judge concluded that the PCR court's application of *Strickland* to this ground was not unreasonable.

Prior to Petitioner's trial, trial counsel retained an investigator to investigate Derrick. Trial counsel testified that he received information that Derrick was a potential methamphetamine user. Specifically, trial counsel received statements from Mike and Beth Langford and an investigation report from Info Investigations concerning Derrick's potential drug use. However, trial counsel decided not to produce this investigative information or call the Langfords as witnesses at trial. Additionally, trial counsel did not retain an expert toxicologist. Trial counsel testified that he did not put forth this evidence because "we didn't feel like we had strong enough witnesses to risk losing the last closing argument. Looking back that very well could have been a mistake but that was our decision at the time." (App., PCR Hr'g Tr., ECF No. 9-3, at 368–69.) Petitioner argues that trial counsel was ineffective for failing to introduce the investigative information and for failing to retain an expert toxicologist to describe the effects of methamphetamine use. The Court disagrees.

---

3. Derrick was driving the car that the victim was in when she was shot, and he testified for the State at Petitioner's trial.

7

The Court concludes that the PCR court's finding that trial counsel was not deficient was reasonable. Trial counsel testified at the PCR hearing that his main defense theory was that Phillips, Petitioner's passenger, was the shooter. Thus, he focused on the theory that Petitioner was not the shooter, instead of introducing evidence of Derrick's potential drug use to bolster Petitioner's self-defense claim. Moreover, he made the strategic decision to ensure that he would have the final closing argument. Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance. *See Lovitt*, 403 F.3d at 181; *Fitzgerald*, 943 F.2d at 469. Petitioner argues that this was not reasonable trial strategy and that trial counsel did not gain "any favorable advantage" from refusing to admit this evidence. (ECF No. 22 at 5.) However, contrary to Petitioner's claim, this was not a situation where trial counsel had nothing to gain from his decision to not introduce the investigatory evidence or retain an expert toxicologist. If trial counsel introduced this evidence and placed more focus on self-defense, he could have undermined his theory that Petitioner was not the shooter and given up his ability to present the final closing argument. Accordingly, having articulated valid reasons for failing to introduce evidence of Derrick's drug use, the Court concludes that Petitioner's trial counsel's strategic decision was not deficient.

### d. Ground Four

In Ground Four, Petitioner argues that the PCR court erred in denying Petitioner's claim of ineffective assistance of counsel for trial counsel's failure to object to the accomplice liability jury charge and the use of the term "jointly" in that charge. The Magistrate Judge found that the PCR court did not unreasonably apply *Strickland* to this ground.

As set forth above, "questions of jury instructions are matters of state law, not cognizable on federal review, unless a specific constitutional issue is implicated that calls into question the

Due Process Clause." *Alexander*, 2017 WL 770570, at *5 (citing *Grandison*, 78 F. Supp. 2d at 507). Here, the PCR court determined that the jury charge as a whole was a correct statement of the law, and Petitioner has not set forth a constitutional issue implicating the due process clause. Thus, the Court will not interfere with the PCR court's determination of state law, and the Court concludes that Petitioner's trial counsel was not ineffective as to Ground Four.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Petitioner's objections are **OVERRULLED** and that the R & R is **ADOPTED.** Accordingly, the Petition is **DENIED** and Respondent's motion for summary judgment is **GRANTED**. As discussed in footnote two, Petitioner's motions to supplement the record and to strike are also **DENIED**.

**AND IT IS SO ORDERED**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 15, 2017**
**Charleston, South Carolina**